

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELISSA MEYER,

Plaintiff,

vs.

CHECK PLUS SYSTEMS, INC.,

Defendant.

Case No. C10-03947

COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Melissa Meyer ("Plaintiff"), is a natural person residing in Alameda county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Check Plus Systems, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about May 24, 2010, Plaintiff received a collection letter from Defendant, wherein Defendant threatened to negatively report the alleged debt on Plaintiff's credit report for failure to pay the alleged debt.

7. On or about June 4, 2010, at approximately 11:12 a.m., Defendant contacted Plaintiff at a phone number associated with her work in connection with an attempt to collect an alleged outstanding debt.

8. During the June 4, 2010 call, Plaintiff attempted to make payment arrangements towards the alleged debt. A representative of Defendant informed Plaintiff that half of the allege debt, approximately $800, needed to be paid by June 7, 2010 or the alleged debt and Plaintiff's file would be forwarded to the legal department. Plaintiff was put on hold twice by different representatives, only to be instructed to leave a voicemail on a supervisor's voice mailbox. Plaintiff was unable to leave a message because the mailbox she was transferred to was not accepting any new messages because it was full.

9. On or about June 16, 2010, Plaintiff received a collection letter from Defendant, wherein Defendant threatened to pursue further legal action against Plaintiff for failure to pay the alleged debt.

10. To date, Defendant has not taken any legal action against Plaintiff regarding the alleged outstanding debt.

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));
   b) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));
   c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d))
   d) Falsely representing the character, amount, or legal status of Plaintiffs debt (§1692e(2)(A));
   e) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
   f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5));
   g) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));
   h) Falsely representing that information concerning Plaintiffs failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency (Cal Civ Code §1788.13(f));
   i) Falsely representing that Defendant is a consumer reporting agency (Cal Civ Code §1788.13(g));
   j) Falsely representing that collection letters, notices or other printed forms are being sent by or on behalf of a claim, credit, audit or legal department (Cal Civ Code §1788.13(h));

k) Falsely representing the true nature of the business or services being rendered by Defendant (Cal Civ Code §1788.13(i)); and

l) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j)).

12. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 27th day of August, 2010.

By: _____
TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff